UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| PATRICK R., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:24-cv-04154-SLD |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security,[1] ) | |
| ) | |
| Defendant. ) | |

ORDER

Before the Court is the parties' Joint Stipulation to Remand to the Commissioner, ECF No. 10. Plaintiff Patrick R. alleges that he is "disabled" and "eligible and qualified to receive benefits" under the Social Security Act. Compl. ¶ 5, ECF No. 1. An Administrative Law Judge ("ALJ") denied his application for those benefits. *See id.* ¶ 7. Plaintiff exhausted his administrative remedies and received notice on June 21, 2024 that the Appeals Council ("AC") denied his request for review of the ALJ's decision. *Id.* ¶ 6. On August 14, 2024, he filed his Complaint in this Court, alleging that the decision denying him benefits "is not based on substantial evidence and is in error." *Id.* ¶ 5. In lieu of filing an answer, Defendant Acting Commissioner of Social Security ("the Commissioner") filed the certified administrative record for Plaintiff's benefits application. *See generally* Certified Administrative Record ("CAR"), ECF No. 6; Not. CAR Filing, ECF No. 5.

The parties now "jointly stipulate that the . . . decision denying Plaintiff's application for benefits should be reversed and that this matter should be remanded to the Commissioner." Joint

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Carolyn W. Colvin is substituted for her predecessor. The Clerk is directed to update the docket accordingly.

Stipulation 1. They request that the Court enter an order which reverses the Commissioner's final decision and remands this case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). *Id.* Sentence four of 42 U.S.C. § 405(g) authorizes the Court to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner . . . with or without remanding the cause for a rehearing." The parties assert that once such an order is entered, the ALJ should reevaluate the finding regarding Plaintiff's residual functional capacity ("RFC"), "particularly with respect to [Plaintiff]'s social limitations and take further action to complete the administrative record resolving the [RFC] issue, offer [Plaintiff] the opportunity for a new hearing, and issue a new decision." Joint Stipulation 1.

The Court finds that the remand request is appropriate. The Court, construing the Joint Stipulation to Remand to the Commissioner, ECF No. 10, as a motion to remand, GRANTS the motion and adopts the remand instructions proposed by the parties. Accordingly, the Commissioner's decision in this matter is REVERSED and the cause is REMANDED to the Commissioner for a new hearing pursuant to the fourth sentence of 42 U.S.C. § 405(g). The Clerk is directed to enter judgment and close the case.

Entered this 13th day of December, 2024.

                                                               s/ Sara Darrow
                                                               SARA DARROW
                                        CHIEF UNITED STATES DISTRICT JUDGE