UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| PATRICK R., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:24-cv-04154-SLD |
| | ) |
| LELAND DUDEK, Acting Commissioner of Social Security,[1] | ) |
| | ) |
| Defendant. | ) |

<u>ORDER</u>

Before the Court is Plaintiff Patrick R.'s Motion for EAJA Fees, ECF No. 13. For the reasons that follow, the motion is GRANTED.

**BACKGROUND**

Patrick filed his Complaint on August 14, 2024, seeking judicial review of the Commissioner of Social Security's ("the Commissioner") final decision denying his claim for disability benefits. Compl., ECF No. 1. On December 11, 2024, Patrick and the Commissioner filed a joint stipulation stating that the decision denying Patrick's application for benefits should be reversed and remanded. Joint Stipulation Remand Comm'r 1, ECF No. 10. The Court construed the stipulation as a motion to remand, which it granted pursuant to sentence four of 42 U.S.C. § 405(g). Dec. 13, 2024 Order 1–2, ECF No. 11; Judgment, ECF No. 12. Patrick seeks $4,419.31 in attorneys' fees. Mot. EAJA Fees 1. The Commissioner does not oppose the motion. Resp. Mot. Att'y Fees 1, ECF No. 14.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Leland Dudek is substituted for his predecessor. The Clerk is directed to update the docket accordingly.

1

## DISCUSSION

### I. Attorneys' Fees Under the Equal Access to Justice Act

Under the Equal Access to Justice Act ("EAJA"), a litigant who is successful in his suit against the federal government is entitled to recover his attorneys' reasonable fees if: (1) he is a "prevailing party"; (2) the government's position was not "substantially justified"; (3) there exist no special circumstances that would make an award unjust; and (4) he filed a timely application with the district court. 28 U.S.C. § 2412(d)(1); *Krecioch v. United States*, 316 F.3d 684, 687 (7th Cir. 2003).

First, Patrick is a "prevailing party" within the meaning of the EAJA by virtue of having had judgment entered in his favor and his case remanded to the Commissioner for further review. *See Shalala v. Schaefer*, 509 U.S. 292, 301 (1993) (finding that a remand "which terminates the litigation with victory for the plaintiff" confers prevailing party status under the EAJA); *Tex. State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791–92 (1989) (deeming prevailing party status appropriate when "the plaintiff has succeeded on 'any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing suit'" (alteration in original) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir. 1978))).

Second, Patrick's motion is timely. Section 2412(d)(1)(B) requires that a party seeking an award of fees submit to the court an application for fees and expenses within thirty days of final judgment in the action. The term "final judgment" refers to judgments entered by a court of law, not decisions rendered by an administrative agency. *Melkonyan v. Sullivan*, 501 U.S. 89, 95–96 (1991). In Social Security cases involving a remand, the filing period for attorneys' fees does not begin until the judgment is entered by the court, the appeal period has run, and the judgment has thereby become unappealable and final. *Id.* at 102; *Schaefer*, 509 U.S. at 302 ("An

2

EAJA application may be filed until thirty days after a judgment becomes 'not appealable'—*i.e.*, thirty days after the time for appeal has ended."). Here, Judgment was entered on December 16, 2024. Either party would have had sixty days to appeal. *See* Fed. R. App. P. 4(a)(1)(B) (providing that where one party is a United States officer sued in an official capacity, the parties have sixty days to appeal). With the thirty-day allowance in accordance with § 2412(d)(1)(B), Patrick had until March 17, 2025 to file his motion. *See* Fed. R. Civ. P. 6(a)(1)(C) (providing that if the last day of a period stated in days is a Sunday, the period runs until the next business day); *Sanford-Murray v. Astrue*, No. 3:11-cv-01049-SI, 2013 WL 54018, at *1 (D. Or. Jan. 3, 2013) (finding that the Federal Rules of Civil Procedure govern computing timeliness of EAJA fee petitions (citing Fed. R. Civ. P. 6(a))). As Patrick's motion was filed on March 17, 2025, it is timely.

Third, the Commissioner's position was not "substantially justified." EAJA fees may be awarded if either the Commissioner's litigation position or pre-litigation conduct lacked substantial justification. *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). For the Commissioner's position to have been substantially justified, it must have had reasonable factual and legal bases and a reasonable connection between the facts and legal theory. *Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006). Critically, the Commissioner has the burden of proving that the position was substantially justified. *Golembiewski*, 382 F.3d at 724. Here, Patrick asserts that "the actions of the United States in denying his claim have been unjustified in both fact and law." Mem. Supp. Mot. EAJA Fees 3–5, ECF No. 13-2. The Commissioner does not oppose Patrick's motion, Resp. Mot. EAJA Fees 1, so the Court finds that the Commissioner's position was not substantially justified.

Finally, no special circumstances exist that would make an award of attorneys' fees unjust. Therefore, Patrick is entitled to recover reasonable attorneys' fees under the EAJA.

## II. Reasonableness of Patrick's Attorneys' Fees

It is a successful litigant's burden to prove that the attorneys' fees he requests are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Reasonable fees are calculated by multiplying the appropriate number of hours worked by a reasonable hourly rate. *Id*. at 433. The rate is calculated with reference to prevailing market rates and capped at $125 per hour unless the court determines that "an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved," warrants a higher hourly rate. 28 U.S.C. § 2412(d)(2)(A). The Seventh Circuit has set forth the following standard for EAJA claimants seeking a higher hourly rate:

> An EAJA claimant seeking a cost-of-living adjustment to the attorney fee rate . . . may rely on a general and readily available measure of inflation such as the Consumer Price Index, as well as proof that the requested rate does not exceed the prevailing market rate in the community for similar services by lawyers of comparable skill and experience. An affidavit from a single attorney testifying to the prevailing market rate in the community may suffice to meet that burden.

*Sprinkle v. Colvin*, 777 F.3d 421, 423 (7th Cir. 2015). Such showings are required "to avoid the possibility of a 'windfall'" for the successful litigant's attorneys. *Id.* at 429.

To determine the appropriate number of hours worked, the Court turns to Patrick's attorneys' itemization of hours of work before the Court. *See* Itemization Hours 1–2, Mot. EAJA Fees, ECF No. 13-1. That itemization demonstrates that Patrick's attorneys spent 18.4 hours working on matters before the Court in Patrick's case, including drafting Patrick's opening brief. *See id.*; *see also* Mem. Supp. Mot. EAJA Fees 6 ("This action involved reviewing the decision of the Administrative Law Judge, determining that it was inappropriate, based on the medical records and the appropriate Social Security laws and regulations, preparation of the Complaint

and related documents briefing the appeal to the United States District Court, and applying for EAJA fees."). The Court finds that those 18.4 hours were appropriate billed. *Cf. Kinsey-McHenry v. Colvin*, No. 2:12-CV-332-PRC, 2014 WL 1643455, at *3 (N.D. Ind. Apr. 23, 2014) (noting that courts within the Seventh Circuit have found forty to sixty hours expended on a Social Security appeal reasonable).

Patrick asserts that his attorneys' work should be compensated by a total payment of $4,419.31—an hourly rate of $240.18 for 18.4 hours of work. *E.g.*, Mem. Supp. Mot. EAJA Fees 6. To justify this sum, Patrick invokes the cost-of-living adjustments allowed under 28 U.S.C. § 2412(d)(2)(A). *Id.* at 5–6. More specifically, Patrick points to date compiled by the United States Bureau of Labor Statistics from March 1996 to January 2023 tracking the Consumer Price index for all items ("CPI"). "[A]ttorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). To determine what fee increase above the statutory ceiling may be authorized, courts have looked to the ratio of indices like the CPI at the time legal services were rendered to the index at the time the current statutory limit of $125 was set. *See Sprinkle*, 777 F.3d at 428 & n.2 (leaving to a court's discretion "whether to adopt the national or regional index in specific cases"); Mem. Supp. Mot. EAJA Fees 5–6 (using the CPI—a national index—for cost-of-living adjustments). The $125 limit is multiplied by this ratio to determine the proportional change in rate. *See, e.g.*, *Booker v. Colvin*, No. 09 C 1996, 2013 WL 2147544, at *6 (N.D. Ill. May 16, 2013); *Carnaghi v. Astrue*, No. 11 C 2718, 2012 WL 6186823, at *5 (N.D. Ill. Dec. 12, 2012).

The work in this case was performed in July 2024, August 2024, October 2024, November 2024, December 2024, and March 2025. Itemization Hours 1–2. The CPI in the

relevant months was as follows: (1) 314.540 in July 2024; (2) 314.796 in August 2024; (3) 315.644 in October 2024; (4) 315.493 in November 2024; (5) 315.605 in December 2024; and (6) 319.799 in March 2025. *See Consumer Price Index for All Urban Consumers (CPI-U)*, U.S. Bureau of Lab. Stat., https://data.bls.gov/cgi-bin/srgate (enter "CUUR0000SA0," select "Next ->", select "1996" for "From" and "2025" for "To" under the "Specify year range:" heading, and hit "Retrieve Data") (last visited Apr. 24, 2025). Increases of the $125 cap to $252.52, $252.73, $253.42, $253.29, $253.38, and $256.74 are therefore warranted. Using those rates, the total amounts of attorneys' fees for the work performed in the relevant months are: (1) $732.31 in July 2024; (2) $227.27 in August 2024; (3) $1,565.63 in October 2024; (4) $1,641.39 in November 2024; (5) $151.51 in December 2024; and (6) $328.28 in March 2025. This leads to a final total of $4,646.38, which is higher than Patrick's requested amount of $4,419.31. The Court finds that Patrick's requested cost-of-living adjustment is reasonable because it is lower than the adjustment to which he would otherwise be entitled. *See* Itemization Hours 2.[2]

Turning to whether Patrick's requested rate exceeds the prevailing market rate, *Sprinkle* requires not only calculations based on information like the CPI, but also "evidence that the rate [the attorney] request[s] is in line with those prevailing in the community for similar services by lawyers of comparable skill and experience." *Sprinkle*, 777 F.3d at 428. "Attorney affidavits, or in some cases even a single sworn statement from a claimant's attorney setting forth the

---

[2] Patrick used a figure based upon the CPI for January 2023 to arrive at the rate of $240.18 per hour. *See* Mem. Supp. Mot EAJA Fees 5–6. *Sprinkle* instructs that "[c]ourts should generally award the inflation-adjusted rate according to the CPI, using the date on which the legal services were performed," and the Court's month-based calculation more closely aligns with using the date of performance. *See Sprinkle*, 777 F.3d at 428 (footnote omitted). *Sprinkle* also emphasizes "the goal of keeping EAJA fee proceedings relatively simple," and notes that the Commissioner may offer contrary evidence if it "believes for some reason that the CPI does not accurately reflect what has happened in a particular legal market." *Id.* Here, the Commissioner has no opposition to Patrick's requested fee, Resp. Mot. Att'y Fees 1, and Patrick's use of January 2023-based data results in a figure lower than what his attorneys would otherwise be entitled to, such that the Court finds that Patrick has sufficiently demonstrated that his requested adjustment for cost-of-living changes is reasonable.

prevailing market rate, can be sufficient" to establish the prevailing rate. *Abhsie v. Berryhill*, No. 16 CV 7357, 2017 WL 4804741, at *1 (N.D. Ill. Oct. 25, 2017) (citing *Sprinkle*, 777 F.3d at 428–29). Patrick's attorneys aver that their regular hourly rates for non-contingent arrangements exceed the requested rate of $240.18—specifically, Michael DePree avers that his hourly fee "is $325 to $375 per hour," DePree Aff., Mot. EAJA Fees, ECF No. 13-4, and Jeannette Keller avers that her "hourly rate ranges between $250 and $275," Keller Aff., Mot. EAJA Fees, ECF No. 13-5. The requested rate is also in line with rates recently award by the Court in similar cases, *see, e.g.*, *Aaron T. v. O'Malley*, No. 4:24-cv-04046-SLD-JEH, 2024 WL 4445059, at *4 (C.D. Ill. Oct. 8, 2024) (awarding EAJA fees at a rate of $243.75). Because Patrick's attorneys aver that the requested rate is lower than what they charge their paying clients and is in line with recently awarded rates for similar work in this region, the Court finds that Patrick's attorneys' requested rate does not exceed the prevailing rate.

In sum, the Court finds that Patrick's requested attorneys' fees are reasonable and that the requested rate does not exceed the prevailing market rate. Patrick assigned his right to EAJA fees to his attorneys. *See* Fee Contract, Mot. EAJA Fees, ECF No. 13-3. Provided that Patrick does not owe any qualifying debts to the United States, the EAJA fees are payable directly to Patrick's attorneys. *See Mathews-Sheets v. Astrue*, 653 F.3d 560, 565–66 (7th Cir. 2011), *overruled on other grounds by Sprinkle*, 777 F.3d 421.

## CONCLUSION

Accordingly, Plaintiff Patrick R.'s Motion for EAJA Fees, ECF No. 13, is GRANTED. Patrick's attorneys are awarded $4,419.31 in fees. This amount may be offset to satisfy any pre-existing debt that Patrick owes to the United States. *See Astrue v. Ratliff*, 560 U.S. 586, 593

(2010). If payment is mailed, instead of electronically deposited, it shall be mailed to Patrick's attorneys' address of record: 4711 Brady Street, Suite 22 S, Davenport, IA 52806.

Entered this 24th day of April, 2025.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE
